# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

CYNTHIA ANDERSON ROLL and
RICHARD ALLEN ROLL,

    Plaintiffs,

v.                                            Case No. 3:19-cv-356-J-34MCR

USAA GENERAL INDEMNITY
COMPANY,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 29; Report) entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on February 12, 2020. In the Report, Judge Richardson construes Defendant USAA General Indemnity Company's Motion to Dismiss Plaintiffs' Claims for Attorneys' Fees, Costs, and Case Expenses Under the Equal Access to Justice Act, 28 U.S.C. § 2412(b) Pursuant to Fed. R. Civ. Pro. 12(B)(6) and Memorandum in Support Thereof (Doc. 10; Motion) as a motion to strike such requests and recommends that the Motion be granted.[1] See Report at 3 n.2, 28. On February 25, 2020, Plaintiffs Cynthia Roll and Richard Roll filed objections to the Report. See Plaintiffs' Objections to Report and Recommendation of the Magistrate (Doc. 32; Objections).[2] On March 10, 2020, Defendant responded to

---

[1] Judge Richardson construes Defendant's Motion as a motion to strike under Rule 12(f), Federal Rules of Civil Procedure (Rule(s)). See Report at 3 n.2.

[2] Throughout the Objections, counsel incorrectly refers to Judge Richardson as "the Magistrate." Counsel should note that in 1990, the United States Congress intentionally, and after much consideration, changed the title of each United States magistrate to "United States magistrate judge." See Judicial Improvements

Plaintiffs' Objections. See USAA General Indemnity Company's Response to Plaintiffs' Objections to the Report and Recommendation (Doc. 34; Response to Objections). Accordingly, this matter is ripe for review.

Plaintiffs filed this lawsuit against Defendant asserting a breach of contract claim arising from a Standard Flood Insurance Policy (SFIP) covering Plaintiffs' property in Orange Park, Florida. See generally Complaint (Doc. 1; Complaint). In addition to damages, Plaintiffs seek an award of attorney's fees, costs, and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA), and any other appropriate relief. See Complaint at 5; Report at 2-3. Defendant filed an answer to the Complaint on July 8, 2019 (Doc. 9; Answer), and also filed the Motion that same day. See generally Motion. Plaintiffs responded to the Motion on July 10, 2019. See Plaintiffs' Response to Defendant's Motion to Dismiss Claim for Attorney Fees and Memorandum of Law (Doc. 11; Response). The undersigned referred the Motion to Judge Richardson on October 7, 2019, for preparation of a Report and Recommendation. See Order (Doc. 20). In the Report, Judge Richardson recommends granting Defendant's Motion and striking Plaintiffs' demands for attorney's fees, costs, and expenses. See Report at 1, 28.

The Court "may accept, reject, or modify, in whole or in part, the finding or recommendations by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also

---

Act of 1990, Pub. L. No. 101-650 § 321 (1990) ("After the enactment of this Act, each United States magistrate appointed under § 636 of Title 28 United States Code, shall be known as a United States magistrate judge. . ."); see also Ruth Dapper, *A Judge by any Other Name? Mistitling of United States Magistrate Judges,* 9 Fed. Cts. L. Rev. 1, 5 (Fall 2015). As such, in future filings in this or any other court, counsel should refer to a United States magistrate judge respectfully and properly as "Judge \_\_\_\_\_" or the "Magistrate Judge." See Koutrakos v. Astrue, 906 F.Supp. 2d 30, 31 n.1 (D. Conn. 2012) (pointing out the proper way to refer to a United States magistrate judge).

28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

Having conducted an independent review of the record in this action, and in particular of the Report, Plaintiffs' Objections, Defendant's Response to Objections, the parties' underlying filings, and the relevant authorities, the Court finds that Judge Richardson correctly construed Defendant's Motion as a motion to strike under Rule 12(f), but declines to adopt the recommended resolution of the Motion at this time.

The Court's review of the Report and relevant authority reveals that significant disagreement exists among courts confronted with the question presented by Defendant's Motion.[3] In a recent order entered by the Honorable Brian J. Davis, United States District Judge, Middle District of Florida, the court considered a motion to dismiss that is quite similar to Defendant's Motion.[4] There, Judge Davis determined that the question presented by the defendant's motion need not be resolved at the outset of the case, and accordingly denied the motion. See generally Davis, J. Order at 5 (quoting Morrissey v. Wright Nat'l Flood Ins. Co., No. 5:19cv183-RH-MJF, 2019 WL 8063348, at *1 (N.D. Fla. Oct. 27, 2019) (noting that the plaintiff's demand for fees under the EAJA "is not an issue that needs to be resolved at the outset")).

---

[3] See, e.g., Picard v. USAA General Indemnity Company, Case No. 3:19-cv-307-J-39JBT (M.D. Fla. March 6, 2020) (Doc. 34; Davis, J. Order) (comparing divergent court opinions, especially Chatman v. Wright Nat'l Flood Ins. Co., No. 3:17-cv-125-J-20PDB, 2017 WL 3730558, at *2 (M.D. Fla. June 21, 2017), and Arevalo v. Am. Bankers Ins. Co. of Fla., No. 2:19-cv-159-FtM-99UAM, 2019 WL 2476644, at *3 (M.D. Fla. June 13, 2019)).

[4] In fact, the motion to dismiss filed by the Picard defendant (who appears to be the same defendant as in this case) and the instant Motion share many portions of identical language. Compare Picard v. USAA General Indemnity Company, Case No. 3:19-cv-307-J-39JBT (M.D. Fla. March 6, 2020) (Doc. 9), with Motion (Doc. 10).

Rule 12(f), Federal Rules of Civil Procedure, provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." While courts enjoy broad discretion in ruling on a motion to strike, such motions are disfavored. See Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla., 306 F. 2d 862, 868 (5th Cir. 1962));[5] Fabing v. Lakeland Reg'l Med. Ctr., Inc., No. 8:12-cv-2624-T-33MAP, 2013 WL 593842, at *2 n.2 (M.D. Fla. Feb. 15, 2013) (noting that granting a motion to strike under Rule 12(f) is a "draconian sanction"). Indeed, "such motions will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Richburg v. Carmel at California Property Owners Association, Inc., Case No. 18-21944-cv-Williams/Torres, 2018 WL 8898940, at *1 (S.D. Fla. Oct. 15, 2018) (citing JazzAtlanta 519 LLC v. Beazley Underwriting, Ltd., Case No. 18-cv-60498-Bloom/Valle, 2018 WL 4743634, at *1 (S.D. Fla. Oct. 2, 2018) (citing Thompson, 211 F. Supp. 2d at 1348).

Here, the Court is persuaded by Judge Davis's conclusion that the instant question need not be resolved at this early stage of this proceeding. Moreover, the Court identifies no prejudice in allowing the claim for attorneys' fees, costs, and expenses to remain in the case and be addressed by the parties in a motion for summary judgment. For these reasons, the Court will decline to grant Defendant's Motion. Because the Court, in the exercise of discretion, will decline to grant Defendant's Motion, the Objections to the recommended resolution of the Motion are due to be overruled as moot.

---

[5] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiffs' Objections to Report and Recommendation of the Magistrate (Doc. 32) are **OVERRULED as moot**.

2. To the extent the Report and Recommendation construes Defendant USAA General Indemnity Company's Motion to Dismiss Plaintiffs' Claims for Attorneys' Fees, Costs, and Case Expenses Under the Equal Access to Justice Act, 28 U.S.C. § 2412(b) Pursuant to Fed. R. Civ. Pro. 12(B)(6) and Memorandum in Support Thereof (Doc. 10) as a motion to strike under Rule 12(f), the Report is **ADOPTED**. In all other respects, the Court declines to adopt the Report at this time.

3. Defendant USAA General Indemnity Company's Motion to Dismiss Plaintiffs' Claims for Attorneys' Fees, Costs, and Case Expenses Under the Equal Access to Justice Act, 28 U.S.C. § 2412(b) Pursuant to Fed. R. Civ. Pro. 12(B)(6) and Memorandum in Support Thereof (Doc. 10) construed as a motion to strike under Rule 12(f) is **DENIED without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida this 25th day of March, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc 27
Copies to:
Counsel of Record